# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARMAINE SMITH, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RDB-19-3403 |
| DON L. HEARM, Attorney;<br>GREGORY L. VAN GREISON, Attorney;<br>UNITED STATES OF AMERICA; and<br>CLERK'S OFFICE, | *<br><br>* | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Charmaine Smith, a self-represented litigant, filed a Complaint, together with a Motion for Leave to Proceed *In Forma Pauperis*. ECF Nos. 1, 2. Because Plaintiff appears indigent, the Motion will be granted. For reasons stated below, the Complaint will be dismissed.

Plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Court now reviews the Complaint. ECF No. 1. The Complaint alleges that Defendants mishandled a prior matter filed by Plaintiff in this Court. The prior matter, *Smith v. Marriott International, Inc., et al.*, was filed on November 21, 2018 alleging Fair Labor Standards Act violations. GJH-18-3583, ECF No. 1. By Order dated July 3, 2019, the Complaint was dismissed based on improper venue. GJH-18-3583, ECF No. 23. Further, the Court found that one Defendant had not been properly served and that the Court lacked personal jurisdiction over the remaining Defendants. *Id.*

In the newly filed matter, Plaintiff names as Defendants: attorneys, Hearm and Van Greison, who Plaintiff states represented Defendant in the prior case; "Clerk's Office;" and the United States of America. Plaintiff alleges that the Clerk's office failed to issue summons on two Defendants "with intent to unlawfully and/or illegally shield those Defendants from liability…" Plaintiff further alleges that the Clerk's Office and the two Defendants, Hearm and Van Greison, "conspired" to shield Defendants from liability and "Meaningful Access to the Courts, Procedural Due Process, and a Jury Trial through Obstruction of Court Proceedings and Justice by orchestrating and carrying out sham correspondences by phone and mail…" Plaintiff also alleges that the Clerk's Office "fabricated, authored, and altered" the Order granting the motion to dismiss while "personating" (sic) the Judge. There are no allegations against Defendant United States of America. Plaintiff, however, lists the address of this Court for the United States defendant.

Plaintiff bases her claims on multiple authorities including the "Code of Conduct for Judicial Employees," Federal Rules of Civil Procedure 60, "rules of professional conduct," the United States Constitution, 42 U.S.C. § 1983 and federal criminal procedure statutes. Plaintiff is seeking $150,000,000 in damages from Defendants.

Plaintiff's Complaint may not proceed forward because her claims are frivolous. Her claim against the "Clerk's Office," for example, is based in part on her allegation that the Clerk's Office failed to issue the summons with intent to shield the Defendants from liability. This allegation, however, is contrary to the Court record indicating that summonses were issued for each Defendant on January 15, 2019. GJH-18-3583, ECF No. 8. Further, a copy of the summons issued for each Defendant is contained in the Court record. *Id.* Plaintiff's allegations that the Clerk's Office "fabricated, authored, and altered" the Order granting the motion to dismiss while "personating" (sic) the Judge is not supported by any facts.

The Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Plaintiff's behalf. For this reason, Plaintiff will not be provided with an opportunity to amend her Complaint. When considering whether a claim is frivolous, § 1915(e)(2) grants Courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A Complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

Accordingly, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A separate Order follows. Dated this 3rd day of April, 2020.

_____/s/_____  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE